## KURLAN v. GUTMAN et al.

(Supreme Court, Appellate Term, First Department. April 28, 1915.)

1. MASTER AND SERVANT ⬦�جج40—AGREEMENT FOR ENTIRE SERVICES—BREACH—
EVIDENCE.

In an action by plaintiff salesman against defendants for wrongful discharge from their employment under a written contract to devote his entire services to their business, it was prejudicial error to exclude evidence tending to show any participation by the plaintiff in a partnership in which he had invested money, such as his having furnished a signed statement to a commercial agency as to the condition of his partnership, and hired help therefor, both during the business hours of his employment.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 47–49; Dec. Dig. ⬦⟫40.]

2. MASTER AND SERVANT ⬦⟫40—AGREEMENT FOR ENTIRE SERVICES—BREACH—
EVIDENCE.

In an action by plaintiff against his employers for wrongful discharge under a written contract that he should devote all his time to their business, evidence was improperly excluded that a firm for which he had furnished the entire capital was in financial difficulties previous to his discharge, since such evidence tended to show that plaintiff's services to his employers must have been seriously interfered with by his personal business troubles.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 47–49; Dec. Dig. ⬦⟫40.]

3. MASTER AND SERVANT ⬦⟫40—AGREEMENT FOR ENTIRE SERVICES—FRAUD—
EVIDENCE.

In an action by plaintiff salesman for wrongful discharge, evidence was improperly excluded that the contract of employment was induced by fraud on the part of the plaintiff, misrepresenting the amount of goods he had sold for a prior employer.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 47–49; Dec. Dig. ⬦⟫40.]

4. TRIAL ⬦⟫136 — EMPLOYMENT — WRITTEN AGREEMENT TO DEVOTE ENTIRE
SERVICES—QUESTION FOR JURY.

In an action by plaintiff for wrongful discharge under a written agreement to devote his entire services to his employers' business, an instruction which left it to the jury to determine what was plaintiff's agreement was erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 318, 320, 321, 323–327; Dec. Dig. ⬦⟫136.]

5. MASTER AND SERVANT ⬦⟫43—WRONGFUL DISCHARGE—QUESTION OF FACT.

In an action by plaintiff salesman against his employers for wrongful discharge under a contract to devote his entire services to their business, where it appeared that plaintiff had invested $10,000 in a partnership of which he was a member, whether he had breached the contract thereby, thus rendering his discharge proper, was not a question of fact for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 57, 58; Dec. Dig. ⬦⟫43.]

Guy, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by Charles Kurlan against Eugene Gutman and others. Judgment for plaintiff. From such judgment, and an order denying their motion for a new trial on the minutes, defendants appeal. Reversed.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

Seligsberg & Lewis, of New York City (Clarence M. Lewis and Walter N. Seligsberg, both of New York City, of counsel), for appellants.

Malcolm Sundheimer, of New York City, for respondent.

SHEARN, J.   This action was brought to recover damages for breach of contract of employment by wrongful discharge.   The contract contained a covenant binding the plaintiff to devote his entire time to the business of the defendants.   It appeared without contradiction that shortly after plaintiff entered the defendants' employment in the city of New York, without the consent of the defendants, he entered into a general partnership with another firm, engaged in a different line of business in the same city, and contributed $10,000 to the capital thereof.   It is contended by the defendants that plaintiff's entering into and carrying on a general partnership with another firm during the term of his contract with the defendants, containing a covenant for exclusive service, was a breach of the express and implied terms of his contract of employment, and justified his discharge.   Plaintiff contends that the evidence showed that he devoted his entire time during business hours to the business of the defendants, and that there is no evidence that the plaintiff gave any of his time or attention during business hours to his partnership business, or that his relations as a partner involved anything other than a mere financial investment on his part.

[1] Assuming that plaintiff's entering into this general partnership did not constitute per se a violation of the covenant for exclusive service, the case discloses numerous prejudicial errors requiring a reversal.   The defendants should have been permitted at least to introduce all available evidence tending to show what services plaintiff rendered his partnership, and whether he did anything more than make a mere investment of $10,000 in another business.   Defendants sought, but were not permitted, to show that the plaintiff was the financial man of his general partnership, and furnished statements to a financial agency showing the firm's assets and liabilities for a credit rating.   This statement showed that plaintiff called at R. G. Dun & Co.'s on March 29, 1913, four weeks after entering defendants' employment and made a statement concerning his contribution of capital and concerning the business of the concern.   Yet the court refused to permit the plaintiff to answer, on cross-examination, a question whether he had furnished a signed statement of the firm's affairs to the commercial agency.   This would have tended to show that during business hours, when, according to his contract and according to the testimony, plaintiff was devoting himself exclusively to the business of the defendants, he was spending time at the commercial agency promoting the business of the partnership.   Furthermore, the court refused to permit the defendants to show on plaintiff's cross-examination that he hired one Sturman for the business of the partnership.   Certainly, if plaintiff was attending to such details of the partnership business as

making contracts of employment, the defendants were at least entitled to bring the fact out, and not rest under plaintiff's general testimony that he did nothing whatever for the partnership. Testimony along this line went to the very issue that the court submitted to the jury, and the exclusion of the testimony was prejudicial error.

[2] The court also erred in refusing to permit the defendants to show that the partnership, the total capital of which was contributed by the plaintiff, was in financial difficulties, and a number of judgments were recovered against it. This testimony was clearly relevant, for it would naturally interfere seriously with the services to to be rendered by the plaintiff to the defendants as their salesman if at the time he was worried and harassed by having so considerable a sum as $10,000 jeopardized by the financial troubles of a firm in which he was a general partner.

[3] Error was also committed in preventing the defendants from proving the defense that the contract of employment was induced by fraud. Defendants pleaded that plaintiff, in order to induce them to enter into the contract of employment, represented that he had sold over $140,000 worth of goods for Louis Siegbert & Bro., his prior employers. On cross-examination plaintiff was asked the amount of his sales for Siegbert & Bro. during 1912, and plaintiff's objection to the question was sustained. Defendants called a competent witness connected with the firm of Siegbert & Bro. to prove plaintiff's sales for Siegbert & Bro. during 1912, but this evidence was excluded.

[4] Furthermore, the charge of the learned trial justice was erroneous and confusing. The court charged:

"They [defendants] tell you that when the contract was entered into there were conversations held with the plaintiff whereby he agreed, outside of the written contract, that he would give his exclusive time and devote it to the service of the defendants. * * * If the plaintiff did not make any such promise, did not make any such statements, did not do anything on his part to breach the contract, he would be entitled to recover, because defendants would have had no right to discharge him."

We have seen the covenant for exclusive services was in the written contract, and there was no basis for the court's submitting it to the jury to determine whether plaintiff made such a promise. Furthermore, the court charged at defendants' request:

"That if a salesman, who has contracted his entire time without the consent of the principal, engages in any employment or business for himself or with another, he may be lawfully discharged before the expiration of the agreed time."

Upon plaintiff's counsel taking an exception, the court further charged:

"That is a matter of fact for the jury to determine."

[5] If the defendants' request was proper, the evidence being uncontradicted, the complaint should have been dismissed. Apart from this whether a salesman may be lawfully discharged under such circumstances certainly is not a question of fact. A verdict of a jury, rendered under these circumstances, is worthless, and should not be permitted to stand. These considerations render it unnecessary to deter-

mine whether, as a matter of law, on the facts disclosed by the record, the defendants were justified in discharging the plaintiff. That question, an interesting and important one, upon which this court is at present divided, may be better disposed of when the defendants have been afforded a fair opportunity to bring out all of the facts connected with plaintiff's dual relationship.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event.

PENDLETON, J., concurs. GUY, J., dissents.